Rebecca LIFTON; Doron Lifton; Jonathan Lifton; Ron Lifton; Daphna Wakefield, Plaintiffs—Appellees,

v.

CITY OF VACAVILLE; City of Fairfield; Dennis Flores, Fairfield Police Officer; Scott Paulin, Vacaville Police Sergeant, Defendants—Appellants,

and

Matt Lydon, Vacaville Police Officer, Defendant.

Rebecca Lifton, Plaintiff—Appellant,

and,

Doron Lifton; Jonathan Lifton; Ron Lifton; Daphna Wakefield, Plaintiffs,

v.

City of Vacaville; City of Fairfield; Dennis Flores, Fairfield Police Officer; Scott Paulin, Vacaville Police Sergeant; Matt Lydon, Vacaville Police Officer, Defendants—Appellees.

Nos. 02–15450, 02–15525.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2003.

Decided Aug. 6, 2003.

Before: D.W. NELSON, W. FLETCHER, Circuit Judges, and ALSUP,\* District Judge.

### MEMORANDUM \*\*

Doron Lifton ("Lifton") was shot and killed by Vacaville and Fairfield police officers. Lifton's mother ("Mrs.Lifton") filed suit against the officers alleging a variety of claims, including state tort claims, claims based on the California constitution, and a federal § 1983 claim based on the Fourth Amendment. The jury ultimately returned a verdict for Mrs. Lifton on the state tort law claims and awarded approximately $850,000. The officers appeal on several grounds, and Mrs. Lifton cross-appeals.

### A. The Officers' Appeal

1. Denial of Rule 50 Motions

The officers appeal the denial of their post-trial motion for judgment as a matter of law under Rule 50.

---

\* The Honorable William Alsup, United States District Judge for the Northern District of California, sitting by designation. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ a. The officers argue that they owed no legal duty of care to Lifton. The officers failed to raise this issue before submission of the case to the jury. *See* Fed.R.Civ.P. 50(a)(2). "In general, the requirement that the motion be made at the close of all the evidence is to be strictly observed." *Farley Transp. Co. v. Santa Fe Trail Transp. Co.,* 786 F.2d 1342, 1346 (9th Cir.1986); *see also Desrosiers v. Flight Int'l Inc.,* 156 F.3d 952, 956–57 (9th Cir.1998) (suggesting that when a party fails to comply with Rule 50, a court has no power to grant the requested relief).

■ b. The officers also argue that Mrs. Lifton presented insufficient evidence to show that their actions proximately caused Lifton's injury. Again, they failed to raise this issue until after the jury had reached its verdict. Prior to submission to the jury, the officers made only vague arguments to the effect that "the plaintiffs have not proved their case." These vague statements did not constitute a proper Rule 50 motion on the issue of proximate causation.

We may only review such challenges to sufficiency of evidence if "there is plain error apparent on the face of the record that, if not noticed, would result in a manifest miscarriage of justice. This exception, however, permits only extraordinarily deferential review that is limited to whether there was *any* evidence to support the jury's verdict, irrespective of its sufficiency." *Patel v. Penman,* 103 F.3d 868, 878 (9th Cir.1996) (internal citations and quotation marks omitted). We cannot say that the court below committed plain error or that the jury's verdict resulted in a manifest miscarriage of justice.

### 2. Denial of Rule 59 Motion

The officers also appeal the district court's denial of their Rule 59 motion for a new trial. The officers' Rule 59 motion was based on the same grounds as their Rule 50 motion. The district court did not abuse its discretion by denying the motion.

### 3. State Law Immunity

■ Before the district court, the officers argued that they were entitled to judgment as a matter of law because they are immune from suit under Cal. Gov't Code § 820.2. On appeal, they argue that they are entitled to immunity under Cal. Gov't Code § 845.8. The two provisions are related. The California Law Revision Commission's comments to the 1963 adoption of § 845.8 state: "This section is a specific application of the discretionary immunity recognized in California cases and in Section 820.2." *See also Mary M. v. City of Los Angeles,* 54 Cal.3d 202, 285 Cal.Rptr. 99, 814 P.2d 1341, 1347–50 (Cal. 1991) (discussing generally immunity for police officers).

It is well-established that § 820.2 does not provide immunity from excessive force claims. *See Robinson v. Solano County,* 278 F.3d 1007, 1016 (9th Cir.2002) (en banc). Although the California Supreme Court has held that officers are immune from liability under § 845.8 where a suspect's injuries are entirely self-inflicted, *see Ladd v. County of San Mateo,* 12 Cal.4th 913, 50 Cal.Rptr.2d 309, 911 P.2d 496, 500–02 (Cal.1996), California courts have not granted officers immunity from suit where a suspect's injuries are caused by officers' use of excessive force, *see Larson v. City of Oakland,* 17 Cal.App.3d 91, 95–98, 94 Cal.Rptr. 466 (1971); *Scruggs v. Haynes,* 252 Cal.App.2d 256, 262–68, 60 Cal.Rptr. 355 (1967); *Ne Casek v. City of Los Angeles,* 233 Cal.App.2d 131, 136–38, 43 Cal.Rptr. 294 (1965). Because § 845.8 is a "specific application" of § 820.2, and because California courts have not granted immunity from excessive force claims, we reject the officers' argument that they are

immune from Mrs. Lifton's suit under § 845.8.

### B. Mrs. Lifton's Cross–Appeal

#### 1. Partial Qualified Immunity from Fourth Amendment Suit

Mrs. Lifton argues that the district court erred by holding that the officers were entitled to qualified immunity from her claim that they used excessive force prior to the shooting in violation of the Fourth Amendment. The district court's decision to analyze the officers' pre-shooting conduct separately from the decision to use deadly force was proper under *Alexander v. City of San Francisco*, 29 F.3d 1355 (9th Cir.1994). We also agree with the district court that the officers were entitled to qualified immunity from this claim. The officers' decisions to surround Lifton, shout at him, and use a taser to disable him were not violations of clearly established Fourth Amendment law governing excessive force.

#### 2. Denial of Rule 15 Motion

Mrs. Lifton also cross-appeals the district court's denial of her Rule 15(b) motion to amend her complaint to include a claim based on the search and seizure provision of the California state constitution. It is unclear whether this provision includes an implied private right of action for damages. Even assuming it does, Mrs. Lifton's proposed amendment was properly rejected because it would have been prejudicial to the officers. *See* 3 Moore's Federal Practice § 15.18 (3d ed.1999). The question presented in an excessive force claim is different from the question presented in a state tort claim. That the jury found a tort violation does not at all establish that the jury would have found a state constitutional violation. The district court therefore did not abuse its discretion by denying Mrs. Lifton's Rule 15 motion.

We AFFIRM the district court's ruling in all respects.